Dear Representative Reisch:
This is in response to your request concerning the following question:
 "Is the Missouri State Council on the Arts, as created by Section 185.010 RSMo. 1969, complying with its statutory duties, powers and responsibilities to all persons located throughout the State of Missouri, pursuant to Sections 185.040 and 185.050, RSMo. 1969, when it allocates 90% of available funds to individuals, organizations, associations and institutions located in the metropolitan areas of Missouri, specifically the City of St. Louis, St. Louis County and Jackson County, when only 55% of all persons located throughout the State of Missouri reside in the aforementioned metropolitan areas?"
We believe that Section 185.040, RSMo 1969, describes the duties of the State Council on the Arts with particularity wherein it says:
"The duties of the council shall be:
 (1) To stimulate and encourage throughout out the state the study and presentation of the performing and fine arts and public interest and participation therein;
 (2) To make such surveys as may be deemed advisable of public and private institutions engaged within the state in artistic and cultural activities, including, but not limited to, music, theater, dance, painting, sculpture, architecture, and allied arts and crafts, and to make recommendations concerning appropriate methods to encourage participation in and appreciation of the arts to meet the legitimate needs and aspirations of persons in all parts of the state;
 (3) To take such steps as may be necessary and appropriate to encourage public interest in the cultural heritage of our state and to expand the state's cultural resources; and
 (4) To encourage and assist freedom of artistic expression essential for the well-being of the arts."
The subsequent section, Section 185.050, RSMo 1969, describes the powers of the Council to hold public and private hearings; enter into contracts with available funds; accept gifts, contributions, and requests; and receive assistance from other departments and agencies of the state in connection with carrying out the duties of the Council.
Conspicuously, there is nothing in Chapter 185 which states that available funds are to be allocated by some formula or in a particular manner to various areas of the state. This is left within the sole discretion of the Council with the duty of the Council primarily to stimulate and encourage "throughout the state the study and presentation of the performing and fine arts." The obvious purpose is to leave the matter of how this is done to the sole discretion of the Council.
It is a primary rule of statutory construction that we should establish the legislative intent from the plain language of the statute. The clear and unambiguous language in Chapter 185 indicates that the State Council on the Arts has sole discretion to decide how its funds are allocated in carrying out its duties.
Thus, in direct response to your question, we cannot say that the Missouri State Council on the Arts is failing to comply with its statutory duties, powers, and responsibilities wherein it allocates ninety percent of available funds to individuals, organizations, associations, and institutions located in the two largest metropolitan areas of this state. We further believe that any formula which may be imposed upon the State Council on the Arts should be established by legislative means.
Yours very truly,
 JOHN ASHCROFT Attorney General